| | | |
|---|---|---|
| YASHEEM FAGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 2:26-CV-137-DCLC-CRW |
| | ) | |
| RICK ALSBROOK, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner, federal prisoner Yasheem Fagan, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the amended revocation judgment entered by this Court in his criminal case on July 18, 2024 [Doc. 1]. Petitioner failed to include the $5.00 filing fee or an application to proceed *in forma pauperis* ("IFP") with his petition. Therefore, on June 30, 2026, the Clerk sent Petitioner a Notice that he was required to either pay the filing fee or submit an IFP application within twenty (20) days, or else his case would be closed [Doc. 3]. That Notice was returned to the Court as undeliverable on July 20, 2026 [Doc. 5]. To date, Petitioner has not paid the filing fee, submitted a completed IFP application, or updated his address with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing

*Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))).  The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

These rules compel the Court to dismiss this action without prejudice. To proceed in this action, Petitioner is required to pay the filing fee or submit an IFP application, "the affidavit required by 28 U.S.C. § 1915," and a certificate of his inmate account.  *See* Rule 3(a), Rules Governing Section 2254 Cases in the United States District Courts, *see also* Rule 1(b) (permitting application of Rules to habeas petitions under § 2241).  And Local Rule 83.13 requires a pro se party to submit a change of address within fourteen (14) days, cautioning that failure to do so "may result in dismissal of the case or other appropriate action."  *See* L.R. 83.13.   But Petitioner has willfully failed to comply with the Court's Notice and Local Rule 83.13, and the Court cannot reach him at this time.  So, dismissal without prejudice is the only appropriate sanction.  Otherwise, this case would be left to languish without a path forward.

"[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues," there "is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  Nothing about Petitioner's status prevented him from complying with the Court's Notice and Local Rules. Accordingly, the Court **DISMISSES** this action **without prejudice** under Federal Rule of Civil Procedure 41(b) and Local Rule 83.13.

2

Although not required to do so, the Court considers whether to grant Petitioner a certificate of appealability ("COA").[1] A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court is dismissing this petition on procedural grounds. Reasonable jurists could not find that this dismissal is debatable. Accordingly, a certificate of appealability shall not issue.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**SO ORDERED.**

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/Clifton L. Corker
United States District Judge

---

[1] A COA not required to challenge federal detention under § 2241. *Winburn v. Nagy*, 956 F.3d 909, 911–12 (6th Cir. 2020) (noting "Congress chose to require certificates of appealability for state but not federal prisoners who invoke § 2241").

3